|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| MARK HARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, duly authorized to conduct business in the State of Nevada; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-cv-01330-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Mark Harter's Motion to Extend the Deadline to Submit an Expert Rebuttal Report Pursuant to F.R.C.P. 16(b), and the Close of Discovery. ECF No. 36. The Court has considered the Motion, Defendant's Opposition (ECF No. 38), and Plaintiff's Reply (ECF No. 39).

In his Motion, Plaintiff seeks a 30 day extension to disclose a rebuttal expert report that responds to Defendant's expert and supplemental expert reports disclosed on June 25, 2020 and August 27, 2020, respectively. The rebuttal expert report was technically due September 28, 2020; however, the individual Plaintiff selected to rebut Defendant's expert, Dr. Katherine Travnicek, one of Plaintiff's treating physicians, had conflicts that precluded her from completing an expert report until mid-October. Plaintiff timely contacted Defendant seeking a short extension to disclose his rebuttal expert report. Defendant refused the extension request providing no reason for its decision. Plaintiff now seeks the assistance of the Court to obtain this extension.

The Court notes that Defendant's opposition to Plaintiff's Motion does not argue prejudice, but instead cites a Nevada state court case for the proposition that Plaintiff did not establish good cause. Decisions from the Nevada Supreme Court are not controlling on an issue well defined under federal law. Defendant also argues that Plaintiff should not be allowed the extension request because he waited until Defendant's expert submitted a supplemental report to retain a rebuttal expert. This

argument might have been persuasive had Plaintiff not sought an extension to disclose a rebuttal expert within the time allowed under the pre-existing Scheduling Order.

This Court has broad discretion to control the course of discovery in cases that come before it. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (internal citation omitted). Plaintiff brought his Motion seeking an extension in a timely manner and for good cause as clearly established therein. ECF No. 36. The Court therefore grants Plaintiff's request for a 30 day extension to issue his rebuttal expert report. If the report did not issue in October, it shall issue within 30 days of the date of this Order.

With respect to Plaintiff's request to extend discovery deadlines, the Court reviewed Plaintiff's pending Motion for Partial Summary Judgment (ECF No. 41), and Defendant's non-opposition thereto (ECF No. 42) to ensure granting an extension would not create the untenable situation in which a dispositive motion is pending, yet discovery continues on the issues presented in that motion. The pending Motion for Summary Judgment pertains only to liability. Thus, additional discovery as to damages will have no impact on the outcome of that Motion. The Court also recognizes that Defendant did not object to Plaintiff's discovery extension request. Given the absence of objection, the Court grants this request.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Mark Harter's Motion to Extend the Deadline to Submit an Expert Rebuttal Report Pursuant to F.R.C.P. 16(b), and the Close of Discovery (ECF No. 36) is GRANTED.

IT IS FURTHER ORDERED that if Plaintiff has not already done so, he shall make his rebuttal expert disclosure within 30 days of the date of this Order.

IT IS FURTHER ORDERED that within ten (10) court days of the date of this Order, the parties shall submit a brief status report with a proposed schedule for extension of discovery pertaining to damages.

Dated this 21st day of December, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE