THE DICKERSON KARACSONYI LAW GROUP
JOSEF M. KARACSONYI, ESQ.
Nevada Bar No. 010634
SABRINA M. DOLSON, ESQ.
Nevada Bar No. 013105
1645 Village Center Circle, Suite 291
Las Vegas, Nevada 89134
Telephone: (702) 388-8600
Facsimile: (702) 388-0210
Email: info@thedklawgroup.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK HARTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOVERNMENT EMPLOYEES ) <br> INSURANCE COMPANY, duly ) <br> authorized to conduct business in the ) <br> State of Nevada; and DOES I through X, ) <br> inclusive, and ROE CORPORATIONS I ) <br> through X, inclusive, ) <br> ) <br> Defendants. ) | CASE NO.: 2:19-cv-01330-JCM-EJY |

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES
(FIFTH REQUEST)**

Plaintiff, MARK HARTER, by and through his attorneys, JOSEF M. KARACSONYI, ESQ., and SABRINA M. DOLSON, ESQ., of THE DICKERSON KARACSONYI LAW GROUP, and Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, by and through its attorneys, THOMAS E. WINNER, ESQ., CHRISTINE M. BOOZE, ESQ., and LARA L. MILLER, ESQ., of WINNER & SHERROD, respectfully submit the following stipulation requesting a 90-day extension of the current scheduling order deadlines pursuant to LR IA 6-1 and LR 26-4, and FRCP 29. This is the fifth stipulation to extend time of discovery deadlines.

## I. INTRODUCTION

This case is a dispute arising out of coverage under an automobile insurance policy. Plaintiff was in a motor vehicle accident on June 8, 2017, and made a claim under his insurance policy provided by Defendant, Government Employees Insurance Company. Plaintiff filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada on June 5, 2019, alleging breach of contract, violations of NRS § 686A.310 and NAC § 686A.675, and breach of covenant of good faith and fair dealing. On August 1, 2019, Defendant filed its Notice of Petition for Removal and removed this matter to this Court.

A Stipulated Discovery Plan and Scheduling Order was entered October 4, 2019. An Amended Stipulated Discovery Plan and Scheduling Order was entered October 18, 2019 to correct dates. A Stipulation and Order to Extend Discovery Deadlines (First Request) was entered February 6, 2020, which provided a 120-day extension of the discovery deadlines because the parties required additional time to gather the plaintiff's medical records and to take needed depositions before disclosing experts and participating in settlement negotiations and/or mediation. A Stipulation and Order to Extend Discovery Deadlines (Second Request) was entered June 5, 2020, which provided a 45-day extension of the discovery deadlines due to the COVID-19 shutdowns resulting in the rescheduling of the Plaintiff's medical examination and deposition for later dates, to allow the parties to engage in settlement discussions before completing all discovery and incurring the cost of same, and to allow additional time for expert witnesses to prepare reports and rebuttal reports.

On September 24, 2020, Plaintiff filed his Motion to Extend the Deadline to Submit An Expert Rebuttal Report Pursuant to F.R.C.P. 16(b) and the Close of Discovery (Third Request)[1] ("Motion to Extend Deadlines"), requesting this Court to

---

[1] Plaintiff's Motion to Extend Deadlines is the first request to extend the discovery deadlines made by motion, and the third request overall for a continuance of the discovery deadlines.

2

extend the discovery deadlines to allow the parties to complete discovery. At that time, the remaining discovery to be completed included (1) the disclosure of Plaintiff's expert Rebuttal Report, (2) expert depositions, (3) potential depositions of Defendant's agents, and (4) the disclosure of any documents pertaining to Plaintiff's continued treatment.

By way of the Court's Order entered December 21, 2020, Plaintiff's Motion to Extend Deadlines was granted and the parties were ordered to submit a brief status report with a proposed schedule for extension of discovery pertaining to damages. On January 8, 2021, this Court entered Plaintiff's Status Report on Discovery and set Plaintiff's proposed discovery deadlines as orders of the Court.

A Stipulation and Order to Extend Discovery Deadlines (Fourth Request) was entered March 18, 2021, which provided a 112-day extension of the discovery deadlines due to Plaintiff continuing to receive treatment and Defendant's request for a second independent medical examination with a spine surgeon, and to afford the parties additional time to conduct discovery on same.

On July 23, 2021, Plaintiff served his Notice of FRCP 30(b)(6) Videotaped Deposition to Defendant. On August 5, 2021, Defendant filed its Emergency Motion for Protective Order Pursuant to FRCP 26(c) and Local Rule 7-4 Regarding Plaintiff's Unilateral Notice of FRCP 30(b)(6) Videotaped Deposition of Defendant Government Employees' Insurance Company. On August 12, 2021, Plaintiff filed his Opposition to Defendant's Emergency Motion. Magistrate Judge Elayna J. Youchah held a hearing on Defendant's Emergency Motion on August 18, 2021. The Court granted in part and denied in part Defendant's Emergency Motion and directed the parties to reschedule the deposition of GEICO's FRCP 30(b)(6) representative.

**II.    DISCOVERY STATUS**

On March 18, 2021, the Court entered the Stipulation and Order to Extend Discovery Deadlines (Fourth Request), which set the following deadlines:

1.    Discovery Cut Off: August 23, 2021;

1       2.     Disclosure of Independent Medical Exam Report and Any Expert Reports Regarding Ongoing/Future Medical Treatment: June 23, 2021;

      3.     Rebuttal Expert Disclosures: July 23, 2021;

      4.     Pretrial Order: October 22, 2021;

      5.     Pretrial Disclosures: Thirty (30) days prior to trial as required by FRCP 26(a)(3)(B); and

      6.     Extensions or Modifications of the Discovery Plan and Scheduling Order: No later than twenty-one (21) days before the discovery cut-off date.

A.    <u>Discovery That Has Been Completed</u>

      1.     On October 15, 2019, Plaintiff served his FRCP 26(a)(1) Initial List of Witnesses and Documents.

      2.     On November 15, 2019, Defendant served its First Set of Interrogatories and First Set of Requests for Production to Plaintiff.

      3.     On December 18, 2019, Defendant served its Initial Disclosures Pursuant to FRCP 26(a)(1).

      4.     On December 20, 2019, Plaintiff served his (1) Responses to Defendant's First Set of Interrogatories; (2) Response to Defendant's First Set of Requests for Production; and (3) FRCP 26(e) First Supplemental List of Witnesses and Documents.

      5.     On February 28, 2020, Defendant served its Second Set of Requests for Production to Plaintiff.

      6.     On March 5, 2020, Defendant served its Notice of Taking Deposition Duces Tecum of the Custodian of Records for Farmers Insurance Exchange.

      7.     On March 30, 2020, Defendant served its First Supplemental Disclosures Pursuant to FRCP 26(a)(1).

      8.     On April 7, 2020, Plaintiff served his FRCP 26(e) Second Supplemental List of Witnesses and Documents and Response to Defendant's Second Set of Requests for Production.

. . .

9. On May 1, 2020, Plaintiff served his First Set of Requests for Admissions to Defendant, FRCP 33 First Set of Interrogatories to Defendant, and FRCP 34 First Request for Production of Documents to Defendant.

10. On May 5, 2020, Defendant served the following:

    a. Notice of Intent to Serve Subpoena Duces Tecum on American Medical Response, Inc. and Notice of Taking Deposition Duces Tecum of the Custodian of Records for American Medical Response, Inc.

    b. Notice of Intent to Serve Subpoena Duces Tecum on S and S Kim Group, PC d/b/a Brighton Family Medicine and Notice of Taking Deposition Duces Tecum of the Custodian of Records for S and S Kim Group, PC d/b/a Brighton Family Medicine.

    c. Notice of Intent to Serve Subpoena Duces Tecum on Canyon Medical Billing, LLC and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Canyon Medical Billing, LLC.

    d. Notice of Intent to Serve Subpoena Duces Tecum on Desert Radiologist, Inc. and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Desert Radiologist, Inc.

    e. Notice of Intent to Serve Subpoena Duces Tecum on Yarbro, Ltd. d/b/a Lake Mead Radiologists and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Yarbro, Ltd. d/b/a Lake Mead Radiologists.

    f. Notice of Intent to Serve Subpoena Duces Tecum on NBC Operations, LLC d/b/a Advantage Diagnostic Imaging and Notice of Taking Deposition Duces Tecum of the Custodian of Records for NBC Operations, LLC d/b/a Advantage Diagnostic Imaging.

    g. Notice of Intent to Serve Subpoena Duces Tecum on NBC Operations, LLC d/b/a The Neck and Back Clinics and Notice of Taking Deposition Duces Tecum of the Custodian of Records for NBC Operations, LLC d/b/a The Neck and Back Clinics.

      h.      Notice of Intent to Serve Subpoena Duces Tecum on Pain Institute of Nevada, Inc. and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Pain Institute of Nevada, Inc.

      i.      Notice of Intent to Serve Subpoena Duces Tecum on Primary Care Consultants, LLP and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Primary Care Consultants, LLP.

      j.      Notice of Intent to Serve Subpoena Duces Tecum on Shadow Emergency Physicians, PLLC and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Shadow Emergency Physicians, PLLC.

      k.      Notice of Intent to Serve Subpoena Duces Tecum on West Las Vegas Surgery Center, LLC d/b/a Valley View Surgery Center and Notice of Taking Deposition Duces Tecum of the Custodian of Records for West Las Vegas Surgery Center, LLC d/b/a Valley View Surgery Center.

      l.      Notice of Intent to Serve Subpoena Duces Tecum on Walgreens Pharmacy Strategies, LLC d/b/a Walgreens Pharmacy and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Walgreens Pharmacy Strategies, LLC d/b/a Walgreens Pharmacy.

      m.      Notice of Intent to Serve Subpoena Duces Tecum on Walmart Pharmacy and Notice of Taking Deposition Duces Tecum of the Custodian of Records for Walmart Pharmacy.

11.    On May 5, 2020, Plaintiff served his Second Set of Requests for Admissions to Defendant, FRCP 33 Second Set of Interrogatories to Defendant, and FRCP 34 Second Request for Production of Documents to Defendant.

12.    On May 8, 2020, Plaintiff served his FRCP 26(e) Third Supplemental List of Witnesses and Documents.

13.    On May 14, 2020, Plaintiff participated in an independent medical examination with Dr. David Fish via telemedicine.

. . .

6

14. On May 26, 2020, Defendant served its Responses to First Set of Requests for Admission, Responses to Second Set of Requests for Admissions, Responses to FRCP 34 First Request for Production of Documents, and Responses to FRCP 34 Second Request for Production of Documents.

15. On May 27, 2020, Defendant served its Answers to FRCP 33 First Set of Interrogatories, and Answers to FRCP 33 Second Set of Interrogatories.

16. On June 4, 2020, Plaintiff served his FRCP 26(e) Fourth Supplemental List of Witnesses and Documents.

17. Defendant deposed Plaintiff on June 5, 2020 at 9:00 a.m. via videoconference.

18. On June 24, 2020, Plaintiff served his FRCP 26(e) Fifth Supplemental List of Witnesses and Documents.

19. On June 25, 2020, Defendant served its Initial Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's Expert Report, and its Second Supplemental Disclosures Pursuant to FRCP 26(a)(1).

20. On August 24, 2020, Plaintiff served his Amended Response to Second Request for Production of Documents, his Amended Answers to First Set of Interrogatories, and his FRCP 26(e) Sixth Supplemental List of Witnesses and Documents.

21. On August 27, 2020, Defendant served its First Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's First Supplemental Expert Report, "Report #2: Records Review Addendum #1," dated July 27, 2020.

22. On September 4, 2020, Plaintiff served his FRCP 26(e) Seventh Supplemental List of Witnesses and Documents.

23. On September 28, 2020, Plaintiff served his FRCP 26(e) Eighth Supplemental List of Witnesses and Documents.

24. On October 20, 2020, Defendant served its Third Supplemental Disclosures Pursuant to FRCP 26(a)(1).

25. On October 28, 2020, Plaintiff served his FRCP 26(a)(2) Expert Disclosure, which contained Dr. Katherine D. Travnicek's expert rebuttal report, specifically, the Medical Records Review and Treating Expert Report.

26. On October 29, 2020, Defendant served its Second Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's Second Supplemental Expert Report, "Report #3: Records Review Addendum #2," dated October 29, 2020.

27. On November 30, 2020, Plaintiff served his FRCP 26(e) Ninth Supplemental List of Witnesses and Documents.

28. On December 2, 2020, Defendant served its Fourth Supplemental Disclosures Pursuant to FRCP 26(a)(1), and its Third Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's Third Supplemental Expert Report, "Report #4: Records Review Addendum #3," dated November 5, 2020.

29. On December 4, 2020, Plaintiff served his FRCP 26(e) Tenth Supplemental List of Witnesses and Documents.

30. On January 28, 2021, Defendant served its Fifth Supplemental Disclosures Pursuant to FRCP 26(a)(1), and its Fourth Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's Fourth Supplemental Expert Report, "Report #5: Records Review Addendum #4," dated December 2, 2020.

31. On March 1, 2021, Plaintiff served his FRCP 26(a)(2) First Supplemental Disclosure, which contained Dr. Katherine D. Travnicek's Supplemental Report to her Medical Records Review and Treating Expert Report, previously disclosed on October 28, 2020.

. . .

32. On April 7, 2021, Defendant served its Fifth Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's "Report #6: Records Review Addendum #5," dated March 31, 2021.

33. On April 12, 2021, Defendant conducted the deposition of Dr. Katherine Travnicek.

34 On April 21, 2021, Plaintiff served his FRCP 26(e) Eleventh Supplemental List of Witnesses and Documents.

35. On April 23, 2021, Jeffrey C. Wang, M.D., conducted the medical examination of Plaintiff.

36. On April 26, 2021, Plaintiff served his FRCP 26(e) Twelfth Supplemental List of Witnesses and Documents.

37. On June 15, 2021, Plaintiff served his FRCP 26(e) Thirteenth Supplemental List of Witnesses and Documents.

38. On June 22, 2021, Defendant served its Sixth Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. Jeffrey C. Wang's Initial Expert Report dated April 23, 2021 and Addendum Report dated May 20, 2021.

39. On June 23, 2021, Plaintiff served his FRCP 26(e) Fourteenth Supplemental List of Witnesses and Documents.

40. On July 21, 2021, Defendant served its Seventh Supplemental Designation of Expert Witnesses and Documents in Compliance with FRCP 26(a)(2), which contained Dr. David E. Fish's "Report #7: Records Review Addendum #6," dated July 6, 2021, and Dr. Jeffrey C. Wang's Addendum Report #2; and its Designation of Rebuttal Expert Witnesses and Documents in Compliance with F.R.C.P. 26(a)(2).

. . .

. . .

41. On July 23, 2021, Plaintiff served his Notice of FRCP 30(b)(6) Videotaped Deposition to Defendant, Government Employees Insurance Company, and his Notice of FRCP 30(b)(6) Deposition of Southwest Medical Associates, Inc.

42. On August 5, 2021, Defendant served its Sixth Supplemental Disclosures Pursuant to FRCP 26(a)(1).

43. On August 13, 2021, Plaintiff served his FRCP 26(e) Fifteenth Supplemental List of Witnesses and Documents and Re-Notice of FRCP 30(b)(6) Deposition of Southwest Medical Associates, Inc.

44. On August 18, 2021, Plaintiff took the deposition of Warren Guinn, Southwest Medical Associates.

B.  Discovery That Remains

1. Plaintiff will take the deposition of Defendant's FRCP 30(b)(6) representative on November 10, 2021; and

2. Any additional disclosures of documents.

The parties stipulate that the deposition may be conducted via remote technology due to the COVID-19 pandemic to avoid the need for witnesses or counsel to travel for the deposition and to avoid in-person contact. The parties and their counsel stipulate that they will cooperate with one another to schedule and coordinate the deposition.

III.  **REASONS WHY EXTENSION IS REQUIRED**

On July 23, 2021, Plaintiff served his Notice of FRCP 30(b)(6) Videotaped Deposition to Defendant. On August 5, 2021, Defendant filed its Emergency Motion for Protective Order Pursuant to FRCP 26(c) and Local Rule 7-4 Regarding Plaintiff's Unilateral Notice of FRCP 30(b)(6) Videotaped Deposition of Defendant Government Employees' Insurance Company. On August 12, 2021, Plaintiff filed his Opposition to Defendant's Emergency Motion. Magistrate Judge Elayna J. Youchah held a hearing on Defendant's Emergency Motion on August 18, 2021. The Court granted in part . . .

1  and denied in part Defendant's Emergency Motion and directed the parties to
2  reschedule the deposition of GEICO's FRCP 30(b)(6) representative.
3  　　　　The parties are requesting an additional 120-days of discovery to permit Plaintiff
4  to depose GEICO's FRCP 30(b)(6) representative.

5  **IV.    PROPOSED SCHEDULE**
6  　　　　1.    Discovery Cut Off: Wednesday, December 22, 2021;
7  　　　　2.    Dispositive Motions: Friday, January 21, 2022;
8  　　　　3.    Pretrial Order: Tuesday, February 22, 2022;
9  　　　　4.    Pretrial Disclosures: Thirty (30) days prior to trial as required by FRCP
10 26(a)(3)(B); and
11 　　　　5.    Extensions or Modifications of the Discovery Plan and Scheduling Order:
12 No later than twenty-one (21) days before the discovery cut-off date.
13 . . .
14 . . .
15 . . .
16 . . .
17 . . .
18 . . .
19 . . .
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

1  The parties believe that the 120-day extension of the deadlines in discovery is
2  necessary and appropriate to provide sufficient time to finish the remaining discovery.
3  The parties also believe good cause is demonstrated by the recited facts in support of
4  the extension.

5  DATED this 15TH day of November, 2021.

6  THE DICKERSON KARACSONYI          WINNER & SHERROD
   LAW GROUP
7

8  By /s/ Sabrina M. Dolson                 By _____
9     JOSEF M. KARACSONYI, ESQ.              CHRISTINE M. BOOZE, ESQ.
      Nevada Bar No. 010634                   Nevada Bar No. 007610
10    SABRINA M. DOLSON, ESQ.                 LARA L. MILLER, ESQ.
      Nevada Bar No. 013105                   Nevada Bar No. 012618
11    1745 Village Center Circle              1117 South Rancho Drive
      Las Vegas, Nevada 89134                 Las Vegas, Nevada 89102
12    Attorneys for Plaintiff                 Attorneys' for Defendant

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2021

12